1
2
3
4
5

6            UNITED STATES DISTRICT COURT

7               EASTERN DISTRICT OF CALIFORNIA

8

9  ROBERT E. COLEMAN,                    )      1:08-cv-01161-TAG HC
                                         )
10              Petitioner,              )      ORDER DISMISSING PETITION FOR
                                         )      WRIT OF HABEAS CORPUS
11       v.                              )
                                         )
12  DARRELL G. ADAMS,                    )      ORDER DIRECTING CLERK OF THE
                                         )      COURT TO ENTER JUDGMENT AND
13              Respondent.              )      CLOSE THE FILE
    _____ )

14

15       Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2254.   The instant petition was filed on August 7, 2008.  (Doc. 1).

17                              **DISCUSSION**

18       A.  Preliminary review of petition

19       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

20  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

21  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section

22  2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition

23  for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's

24  motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039

25  (9th Cir.2001).

26       B.  Exhaustion

27       A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

28  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

1

1   exhaustion doctrine is based on comity to the state court and gives the state court the initial

2   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

3   U.S. 722, 731, 111 S. Ct. 2546 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982);

4   Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

5          A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

6   full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

7   Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509

8   (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the

9   highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented

10  the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis);

11  Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S.Ct. 1715 (1992), superceded by statute as stated in

12  Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000)(factual basis).

13         Additionally, the petitioner must have specifically told the state court that he was raising a

14  federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669

15  (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

16  1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

17  Supreme Court reiterated the rule as follows:

18         In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
       remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order
19     to give the State the "opportunity to pass upon and correct alleged violations of the prisoners'
       federal rights" (some internal quotation marks omitted).  If state courts are to be given the
20     opportunity to correct alleged violations of prisoners' federal rights, they must surely be
       alerted to the fact that the prisoners are asserting claims under the United States Constitution.
21     If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied
       him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not
22     only in federal court, but in state court.

23  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

24
25         Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
       federal claims in state court *unless he specifically indicated to that court that those claims*
       *were based on federal law.*  See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).
26     Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must*
       *make the federal basis of the claim explicit either by citing federal law or the decisions of*
27     *federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882,
       889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying
28     claim would be decided under state law on the same considerations that would control
       resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir.

1    1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

2        In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that
the relevant claim is a federal one without regard to how similar the state and federal
3        standards for reviewing the claim may be or how obvious the violation of federal law is.

4    <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

5        The exhaustion requirement also applies to cases where, as here, a state prisoner challenges a

6    disciplinary hearing.  The prisoner must exhaust his state court remedies prior to filing in federal

7    court.  28 U.S.C. § 2254(b)(1)(A); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 492, 93 S. CT. 1827

8    (1973)("The strong considerations of comity that require giving a state court system that has

9    convicted a defendant the first opportunity to correct its own errors thus also require giving the

10   States the first opportunity to correct the errors made in the internal administration of their

11   prisons.").  California law requires that a prisoner exhaust his administrative remedies before seeking

12   relief in the state court.  <u>In re Muszalski</u>, 52 Cal.App. 3d 500 (1975).[1]  In other words, a prisoner

13   must exhaust *both* his administrative remedies *and* state court remedies prior to seeking relief in

14   federal court.

15       In the instant case, there is no indication that Petitioner exhausted his state court remedies.

16   Petitioner indicates that he commenced his administrative remedies but the documents submitted by

17   Petitioner indicate that Petitioner's administrative appeal was denied for his failure to supply the

18   very documents that Petitioner contends he was earlier denied and that form the basis for his due

19   process claim.  (Doc. 1, p. 28, p. 32).   Petitioner thus contends that administrative remedies are

20   "inadequate."  (Doc. 1, p. 5).  Petitioner also alleges that further efforts to exhaust his claims "would

21   result in irreparable injury... ."  (<u>Id</u>.).  Petitioner provides no information or support for such a

22   conclusory statement.  Nothing in the record suggests that Petitioner ever sought to file a state habeas

23   petition in the California courts.

24       From the foregoing, the Court concludes that Petitioner has not administratively exhausted

25   his claims nor has he presented any of his claims to the California Supreme Court as required by the

26

27   _____

28       [1]A petitioner may challenge his detention on constitutional grounds in the state court by filing a petition for writ of
habeas corpus.  Cal. Penal Code §§ 1473 et. seq.

1   exhaustion doctrine.  The Court must dismiss without prejudice a petition that contains unexhausted

2   claims, even if it also contains exhausted claims.  <u>Rose</u>, 455 U.S. at 521-522.  Although, generally, a

3   petitioner must be provided with an opportunity to withdraw the unexhausted claims, <u>Anthony v.</u>

4   <u>Cambra</u>, 236 F.3d 568, 574 (9th Cir. 2000)("district courts must provide habeas litigants with the

5   opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to

6   suffering dismissal"), allowing Petitioner to do so in this case would be futile because the petition

7   contains only unexhausted claims.  <u>Rose</u>, 455 U.S. at 521-522.   Accordingly, the petition must be

8   dismissed for lack of exhaustion.  <u>Id.</u>

9                                              **ORDER**

10          For the foregoing reasons, the Court HEREBY ORDERS as follows:

11      1.      Petitioner's petition for writ of habeas corpus (Doc. 1), is DISMISSED for failure to

12              exhaust administrative and state court remedies; and

13      2.      The Clerk of the Court is DIRECTED to enter judgment against Petitioner and to

14              close the file.

15

16

17  IT IS SO ORDERED.

18  Dated:   **October 15, 2008**                           **/s/ Theresa A. Goldner**
                                                            UNITED STATES MAGISTRATE JUDGE
19  

20

21

22

23

24

25

26

27

28